UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jamie Woodman,  :
  :
    Plaintiff,  :
  :
  v.  : Case No. 1:12-cv-43-jgm
  :
Vermont State Police  :
(St. Johnsbury),  :
  :
    Defendant.  :

OPINION AND ORDER
(Doc. 9)

Plaintiff Jamie Woodman, a Vermont inmate proceeding *pro se*, bring this action claiming two Vermont State Police officers allowed him to be bitten by a police dog after he had already surrendered. Defendant Vermont State Police now moves to dismiss on the basis of Eleventh Amendment immunity. For the reasons set forth below, the motion to dismiss (Doc. 9) is GRANTED, but the Office of the Vermont Attorney General is ORDERED to provide the names of the officers involved within 30 days. Woodman will then be allowed 30 days in which to file an Amended Complaint.

Factual Background

For purposes of the pending motion to dismiss, the facts alleged in the Complaint will be accepted as true. Woodman claims on July 28, 2010, he fled from police in St. Johnsbury, Vermont. While fleeing, he jumped into a river and cut his right calf muscle on a discarded bicycle. Woodman decided to risk

infection and continue his efforts to escape, reasoning he could clean the wound once he was clear of his pursuers.

Woodman proceeded up the embankment of the river and found a hiding spot near a small pump house. He subsequently saw a State Police cruiser and heard a police dog nearby. At this point, cold and wet and having bled from his wound for over two hours, Woodman decided to surrender. As he states in his Complaint,

> When the two officers walked around the building I crouched down in an area that was wide open and in the back corner of this structure. One officer approached me, and the other with the dog moved out in a larger arc sweeping for me. At this time the dog was barking and jumping around energetically. The first officer noticed me and told me to "freeze." I told him that I was "done" and that "they got me."

(Doc. 4 at 5.) Woodman claims the officer ordered him to lie on his stomach with his hands behind his back. He complied, and the officer cuffed him.

The second officer was in control of the police dog. Woodman claims this officer came within five or six feet of him "with the dog going absolutely crazy." Id. at 6. The first officer then proceeded to remove Woodman's left shoe. When Woodman "became agitated" and asked the officer what he was doing, the officer explained that he was "'getting the dog off your scent.'" Id. Woodman felt that he was being "toyed with," concedes he called the officer "a 'maggot,'" and told the officer to replace his shoe. The officer allegedly knelt down next to Woodman and said "'you'll never run from me again.'" He then took

the shoe from the dog and placed it on Woodman's foot, whereupon the dog continued to chew on the shoe. Id.

Woodman claims initially his foot was protected by the rubber sole and tongue of the shoe. When he tried to move his foot, however, the dog's tooth pierced the shoe and his foot. "I jerked away my foot because of the pain and felt my flesh tear and a tendon pop in my foot." Id. The officers then pulled the dog away, and in response to Woodman's questioning as to why they would let the dog bite him, they reportedly laughed and stated "'we didn't let the dog bite you.'" Id.

Woodman was subsequently taken to St. Johnsbury hospital. The injury from the bicycle was cleaned and stitched, and Woodman asked that the dog bite wound also be treated. When he informed the nurse that the police had allowed their dog to bite him, the officers allegedly denied his claim. Woodman does not know the names of the officers involved, but believes their names were published in a newspaper the day after the incident.

## Discussion

The sole Defendant in this case is the Vermont State Police. Defendant has moved to dismiss Woodman's Complaint, arguing that a federal lawsuit against the State Police is barred by the Eleventh Amendment. Further, to the extent any claims are being brought against individual officers, Defendant notes that no officers have been served. The motion to dismiss is unopposed.

3

I.   <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  Although the Amendment, by its terms, bars only federal suits against state governments by citizens of another state or foreign country, it has also been interpreted to bar federal suits against state governments by a state's own citizens.  <u>See</u> <u>Hans v. Louisiana</u>, 134 U.S. 1, 15 (1890).

Accordingly, federal court jurisdiction over suits brought against unconsenting states or state officials "was not contemplated by the constitution when establishing the judicial power of the United States." <u>Id.</u>  Unless the state consents to suit or provides an express or statutory waiver of immunity, the Eleventh Amendment bars suits in federal court against states and state agencies. <u>Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.</u>, 466 F.3d 232, 236 (2d Cir. 2006) (citing <u>Regents of the Univ. of Cal. v. Doe</u>, 519 U.S. 425, 429 (1997)).

Any waiver of Eleventh Amendment immunity by a state must be unequivocally expressed. <u>Atascadero State Hosp. v. Scanlon</u>, 473 U.S. 234, 238 n.1 (1985).  Congress also may abrogate the Eleventh Amendment pursuant to Section 5 of the Fourteenth

Amendment. See Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976). The Supreme Court has recognized that Congress did not intend to abrogate sovereign immunity for constitutional claims brought pursuant to 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

Here, the Vermont State Police is an entity within the Vermont Department of Public Safety, a state agency. See 3 V.S.A. § 212(18); 20 V.S.A. §§ 1871, 1911-14. The State of Vermont has not consented to suits against itself or its agencies in federal court, and has in fact explicitly preserved its immunity under the Eleventh Amendment. See 12 V.S.A. § 5601(g). Moreover, as Woodman's federal claims may be reasonably construed as alleging constitutional violations, Congress has not abrogated Vermont's immunity with respect to such claims. See Quern, 440 U.S. at 340-41. Defendant's motion to dismiss on the basis of Eleventh Amendment immunity is therefore GRANTED.

II. Individual Defendants

Defendant also submits that, to the extent individual officers are being sued, those officers have not been served process. Defendant therefore requests dismissal for lack of personal jurisdiction.

Woodman states in his Complaint he does not know the identities of the officers who allegedly allowed him to be bitten by the police dog. The Court also notes Woodman is currently

5

incarcerated in a private prison facility in Kentucky, and thus may have difficulty obtaining those officers' identities.

In <u>Valentin v. Dinkins</u>, 121 F.3d 72, 76 (2d Cir. 1997), the Second Circuit determined that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. <u>See</u> <u>Rogers v. New York City Police Dep't</u>, 2012 WL 4863161, at *3 (E.D.N.Y. Oct. 12, 2012); <u>Bensam v. Bharara</u>, 2012 WL 3860029, at *4 (S.D.N.Y. Sept. 5, 2012). The Complaint in this case appears to provide sufficient information to permit the State to identify the officers in question. It is therefore ORDERED that, within 30 days of this order, the Office of the Vermont Attorney General shall identify those officers and provide Woodman and the Court with addresses where they may be served. Once this information is provided, Woodman shall have 30 days to amend his Complaint to state the names of the officers. Thereafter, summonses may issue, and service will be made in accordance with the Court's prior Order granting Woodman's motion for leave to proceed *in forma pauperis.*

## Conclusion

For the reasons set forth above, Defendant's motion to dismiss (Doc. 9) is GRANTED, and any claims against the Vermont State Police are DISMISSED. As to the individual police officers allegedly involved, the Office of the Vermont Attorney General shall, within 30 days, provide Woodman and the Court with their

6

names and addresses where they may be served.  Once that information has been provided, Woodman shall file an Amended Complaint within 30 days.  Failure to timely file an Amended Complaint may result in the dismissal of this case with prejudice.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 6th day of November, 2012.

    /s/ J. Garvan Murtha
    Honorable J. Garvan Murtha
    United States District Judge